# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CHARLES THOMAS CLAGETT, III,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C17-111RSL

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

This matter comes before the Court on petitioner Charles Thomas Clagett, III's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. # 1. The Court has considered the parties' memoranda, the exhibits, and the remainder of the record. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

In September 1997, a jury convicted petitioner of two counts of armed bank robbery (in violation of 18 U.S.C. §§ 2113(a) and (d)) and two counts of use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)).[1] Case No. CR97-265RSL, Dkt. # 63. The Honorable Barbara Jacobs Rothstein, United States District Judge, sentenced petitioner to 370 months in custody, including a 300-month mandatory consecutive sentence for use of a firearm during a crime of violence. Section 924(c)(3) defines a crime of violence as:

---

[1] Petitioner's trial was held before the Honorable Thomas S. Zilly, he was sentenced by the Honorable Barbara Jacobs Rothstein, and his case was later reassigned to this Court.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 1

> [A]n offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

Clause (A) of this definition is known as the "force clause," while clause (B) is known as the "residual clause." United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018). At sentencing, the Court did not specify if it found petitioner's armed bank robbery conviction to qualify as a crime of violence under § 924(c)'s force clause, residual clause, or both. See Dkts. ## 5-1, 5-2.

On direct appeal, the Ninth Circuit affirmed petitioner's conviction and sentence in an unpublished memorandum disposition. United States v. Clagett, No. 98-30161, 1999 WL 754406 (9th Cir. Sep. 23, 1999). In October 2000, petitioner filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, on grounds unrelated to those raised here. Case No. CV00-1816RSM, Dkt. # 1. The Court denied petitioner's § 2255 motion. Id., Dkt. # 40.

Since then, the Supreme Court has handed down multiple decisions that bear on § 924(c)'s definition of a crime of violence. See Johnson v. United States (Johnson I), 559 U.S. 133, 140 (2010) (construing the force clause of the Armed Career Criminal Act (ACCA)); United States v. Gutierrez, 876 F.3d 1254, 1256 (9th Cir. 2017) (per curiam) (Johnson I standard applies to § 924(c)(3)'s similarly worded force clause). Most notably, on June 26, 2015, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA. Johnson v. United States (Johnson II), 135 S. Ct. 2551, 2557 (2015). That clause defined a "violent felony" as a felony "that . . . involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). On April 18, 2016, the Supreme Court declared this holding retroactive in cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Petitioner filed the instant § 2255 motion on May 23, 2016. He argues that under Johnson II and Welch, § 924(c)(3)'s residual clause is void for vagueness. As a result, petitioner

---
[2] The language of § 924(c)(3) was the same when petitioner was sentenced. See 18 U.S.C. § 924(c)(3) (1996).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 2

asserts, the predicate offense of armed bank robbery no longer qualifies as a crime of violence for purposes of § 924(c), and his conviction and sentence under § 924(c)(1) cannot stand.[3]

## II. DISCUSSION

If armed bank robbery is a crime of violence within the meaning of § 924(c)'s force clause, then any <u>Johnson II</u> error is harmless, and petitioner is not entitled to relief. To decide whether petitioner's conviction is a crime of violence under the force clause, we look to the substantive law on § 924(c)(3)(A) as it currently stands. <u>United States v. Geozos</u>, 870 F.3d 890, 897 (9th Cir. 2017).

Petitioner's motion fails under the Ninth Circuit's decision in <u>Watson</u>, 881 F.3d at 786, which reiterated longstanding circuit precedent that declares armed bank robbery a crime of violence under § 924(c)'s force clause. <u>See also</u> <u>United States v. Wright</u>, 215 F.3d 1020, 1028 (9th Cir. 2000). Like petitioner, the <u>Watson</u> petitioners argued that their § 924(c) convictions were unlawful because the predicate offense—armed bank robbery (18 U.S.C. § 2113)—did not qualify as a crime of violence under either the force or residual clauses after <u>Johnson I</u> and <u>Johnson II</u>. The court rejected that argument, without reaching the residual clause's constitutionality. Even the least violent form of bank robbery—bank robbery by intimidation— "requires at least an implicit threat to use the type of violent physical force necessary to meet the <u>Johnson [I]</u> standard." <u>Watson</u>, 881 F.3d at 785 (quoting <u>Gutierrez</u>, 876 F.3d at 1257). Bank robbery by intimidation also meets the mens rea requirement for a crime of violence. <u>Id.</u> Accordingly, bank robbery under § 2113(a) categorically qualifies as a crime of violence for purposes of § 924(c). Because an armed bank robbery conviction under §§ 2113(a) and (d) "cannot be based on conduct that involves less force than an unarmed bank robbery requires," armed bank robbery also constitutes a crime of violence under § 924(c). <u>Id.</u> at 786.

---

[3] On May 7, 2018, petitioner filed an additional memorandum in support of his § 2255 motion, arguing that the Supreme Court's decision in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), compels the Court to vacate his conviction and sentence under § 924(c)(1). Dkt. # 9. The Court has considered petitioner's memorandum, and finds that <u>Dimaya</u> has no bearing on the conclusions set forth below.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 3

<u>Watson</u> resolves petitioner's motion.[4] Petitioner's conviction for armed bank robbery is a proper basis for his conviction and sentence under § 924(c).

### III. CONCLUSION

For the foregoing reasons, the Court finds that petitioner has not demonstrated that his sentence should be vacated, set aside, or corrected. His petition, Dkt. # 1, is accordingly DENIED. The Court further finds that no evidentiary hearing is required because the record conclusively shows petitioner is not entitled to relief. <u>See</u> 28 U.S.C. § 2255(b). Likewise, petitioner has not substantially shown a denial of constitutional rights, and the Court concludes no certificate of appealability should issue. <u>See</u> <u>id.</u> § 2253(c)(2).

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion, Dkt. # 1, is hereby DENIED; and

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 22nd day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] The government also argues that petitioner's § 2255 motion is untimely and procedurally defaulted, and that it does not rely on the rule announced in <u>Johnson II</u>. In light of the substantive conclusions above, the Court does not reach these issues. <u>See</u> <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1232 (9th Cir. 2002) (noting courts' discretion to pretermit complex procedural issues and "proceed to the merits if the result will be the same").

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 4